UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA MURPHY ) | Case Number |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| FBCS, INC. ) | |
| ) | |
| Defendant. ) | |

1. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue is proper in that the relevant events took place in Philadelphia, Pennsylvania, which is a city within this District.

2. This is an action for damages brought by plaintiff Melissa Murphy for violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"] which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

3. The plaintiff, Melissa Murphy. [hereinafter "Plaintiff"], is a natural person who, at all times relevant to this complaint, resided at 440 Peals Lane, Tellico Plains, TN 37385.

4. FBCS, INC. [hereinafter "FBCS" or "Defendant"] had, at all times relevant to this complaint, its principal place of business located at 841 E. Hunting Park Avenue, Philadelphia, PA 19124.

5. FBCS is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The true names and capacities of employees of FBCS, are unknown to Plaintiff, and the plaintiff will amend this complaint to show the true names and capacities of such defendants when the same have been ascertained.

*Factual Allegations*

7. By way of letter and telephone, beginning in July of 2007, defendant, arranged for a continual bombardment of calls to the residence of plaintiff and that of her other family members regarding a debt allegedly owed by plaintiff.

8. Despite plaintiff's numerous requests to FBCS to cease all calls to people other than her, FBCS continued to harass the family members of plaintiff.

9. An FBCS employee only known by the name Mr. Ortez, told the plaintiff on or about July 23, 2007 that if the plaintiff did not pay August 9, 2007 that he would fle suit in court.

10. FBCS never sent a written communication to Plaintiff until August 30, 2007 a copy of which is attached as Exhibit "A".

11. The letter sent by Defendant does not comply with the requirements of the FDCPA.

12. On August 30, 2007 "Sarah" from FBCS contacted the plaintiff and informed her that she was authorized to accept $4,300.00 settle the claim against plaintiff; at which time plaintiff explained she had an attorney to which Sarah stated "You suing us because were trying to make you pay your bills".

13. On or about August 28, 2007 the Defendant caused a call to be made to the elderly mother in law of the Plaintiff.

14. Plaintiff's mother in law asked she not be contacted and would not give any information regarding plaintiff; FBCS called back three times within five minutes.

### *Policies and Practices Of Defendant*

15. It is the policy and practice of FBCS to contact consumers such as Plaintiff without any verification of the debt allegedly owed.

16. It is the policy and practice of FBCS to use scare tactics and intimidation in its attempts to collect a debt.

### FIRST CLAIM FOR RELIEF
### *Violation of the Fair Debt Collection Practices Act*

The previous paragraphs are incorporated by reference herein.

17. FBCS's violations of the FDCPA, include, *but are not limited to*, the following:

1. The use of false representations or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §§1692e and 1692e(10);

2. The use of unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

3. Communications to third parties in violation of 15 U.S.C. §1692

18. As a result of the above violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and attorney's fees.

WHEREFORE, plaintiff requests that judgment be entered in his favor and against that of Defendant for $1,000.00 in statutory damages, actual damages, plus attorney's fees and court costs.

BY: _/s/ Bruce K. Warren_
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street, Phila., PA 19111
215-745-9800   FAX 215-745-7880

                                                        FBCS
                                                        841 E HUNTING PARK AVE.
                                                        PHILADELPHIA, PA 19124
                                                        800-220-2018

MURPHY, MELISSA                                         8/30/2007
440 Peals Ln
Tellico Plns, TN 373855609


Client: ASSET ACCEPTANCE LLC
Original Creditor: SEARS
Account #: 24151557
Outstanding Balance: $11,944.41 (may include interest and fees)
File #: 152130859

Your account has been referred to this office for collection

We are requesting payment in full on the amount referenced above. Your failure to remit will result in further collection attempts. If you are unable to pay in full, contact one of our agents. There may be other payment options available based on your specific situation in which our agents have been specially trained to listen to your circumstances and guide you through the process. Call us toll free at 800-220-2018.

Hours of operation:

| | |
|---|---|
| Monday | 8:00 am through 9:00 pm |
| Tuesday | 8:00 am through 9:00 pm |
| Wednesday | 8:00 am through 9:00 pm |
| Thursday | 8:00 am through 9:00 pm |
| Friday | 8:00 am through 5:00 pm |
| Saturday | 8:00 am through 2:00 pm |

(All times listed are Eastern Standard Time)

Or visit our website at http://fbcs.callipay.com for 24 hour payment options. Make sure you enter your payment code (Disc.).

This is an attempt to collect a debt and any information obtained will be used for that purpose. This is a communication from a debt collector. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment of or verification. If you request this office within 30 days after receiving this notice, this office will provide you the name and address of the original creditor, if different from the current creditor.